# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE                    NEWS RELEASE #014

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **21st day of March, 2025** are as follows:

**PER CURIAM:**

2023-BA-00159        IN   RE:    COMMITTEE  ON  BAR  ADMISSIONS  CFN-1791

ADMISSION GRANTED. SEE PER CURIAM.

Justice Jeanette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole.

Weimer, C.J., dissents and assigns reasons.

McCallum, J., dissents.

Knoll, J., dissents and assigns reasons.

SUPREME COURT OF LOUISIANA

NO. 2023-BA-0159

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-1791

BAR ADMISSIONS PROCEEDING

PER CURIAM*

Petitioner applied to take the Louisiana Bar Examination. However, the Committee on Bar Admissions ("Committee") advised petitioner that it could not certify her to take the bar exam on character and fitness grounds. On petitioner's application to this court, we granted her permission to sit for the bar exam, with the condition that upon her successful completion of the exam, she apply for the appointment of a commissioner to take character and fitness evidence. *In re: Committee on Bar Admissions CFN-1791*, 16-1269 (La. 7/6/16), 194 So. 3d 1129.

Petitioner ultimately passed the October 2020 bar exam. Thereafter, she filed an application in this court seeking the appointment of a commissioner. We remanded the matter to the Committee on Bar Admissions Panel on Character and Fitness to conduct an investigation and appointed a commissioner to take character and fitness evidence.

The proceedings before the commissioner primarily focused upon various discrepancies and omissions in the applications petitioner submitted to the Committee and the National Conference of Bar Examiners ("NCBE"). Following the proceedings, the commissioner filed his report with this court, recommending petitioner be admitted to the practice of law. The commissioner found petitioner

---

* Justice Jeannette Theriot Knoll, retired, heard this case as Justice Pro Tempore, sitting in the vacant seat for District 3 of the Louisiana Supreme Court. She is now appearing as Justice ad hoc for Justice Cade R. Cole.

was a very credible witness who unequivocally acknowledged the errors she made in her NCBE and bar applications, accepted responsibility for the errors, and expressed regret for the additional work caused to the Committee by her errors. The Committee filed an objection to the commissioner's recommendation, and oral argument was conducted before this court pursuant to Supreme Court Rule XVII, § 9(D)(11).

Considering the commissioner's recommendation and the entire record of this proceeding, we conclude petitioner is eligible to be admitted to the practice of law in Louisiana.

**ADMISSION GRANTED.**

# SUPREME COURT OF LOUISIANA

### No. 2023-BA-00159

### IN RE: COMMITTEE ON BAR ADMISSIONS CFN-1791

*Bar Admission Proceeding*

**WEIMER, C. J.**, dissenting.

I commend the petitioner for her tenacity and perseverance in her efforts to become a member of the bar of Louisiana. However, I cannot approve her application for the following reasons and respectfully dissent.

While a thoughtful hearing officer came to the conclusion the answers to the questions posed on the application forms did not demonstrate a character issue, I find the myriad of mistakes on the bar examination application forms, coupled with inconsistent answers and confusing information related to her bankruptcy–all of which must be considered, in addition to the fact she failed the bar examination five times before passing[1]–demonstrate petitioner does not meet the fitness requirement for admission to the bar.

Petitioner's inability to competently complete the forms, her acknowledged inability to understand the questions posed, the issues related to her bankruptcy, and her numerous prior failures of the bar examination demonstrate she does not possess the fitness required to be a member of the bar of Louisiana. I agree with the conclusion of the hearing officer that petitioner did not intend to provide inadequate answers to the questions posed and, thus, I do not have an issue with her character, which is defined as "the inherent complex of attributes that determines a person's

---

[1] Effective July 1, 2016, Supreme Court Rule XVII, § 8(B) was amended to provide that after an applicant fails the bar examination five times, he or she "shall never be permitted to reapply." However, the rule has been applied prospectively only. As a result, only the bar examinations that petitioner failed after the amendment (July 2016 and February 2017) counted toward her "five strikes."

moral and ethical actions and reactions." VOCABULARY.COM DICTIONARY, *Character*, https://www.vocabulary.com/dictionary/character (last visited February 24, 2025). However, I believe she has failed to prove her fitness, which, in this context, is defined as "the quality of being qualified." VOCABULARY.COM DICTIONARY, *Fitness*, https://www.vocabulary.com/dictionary/fitness (last visited February 24, 2025). Both character *and* fitness are at issue in this proceeding, and petitioner bears the burden of proof. While petitioner attributes the numerous inaccurate statements and omissions of information related to her bar examination application forms and her bankruptcy to a variety of factors–misunderstandings, language barriers, undue reliance on her bankruptcy attorney–in the end, she concedes that she failed to exercise diligence. This admitted lack of diligence, and the numerous errors and omissions that resulted, reflects adversely on her fitness to practice law.

Our obligation is to protect the public and to ensure that those who pass the bar examination demonstrate good character, and, in addition, the fitness to represent clients. The inability to accurately complete forms necessary to take the bar examination and mistakes related to her bankruptcy raise significant concerns related to petitioner's fitness to serve clients. Therefore, I must respectfully dissent.

2

SUPREME COURT OF LOUISIANA

NO. 2023-BA-0159

IN RE: COMMITTEE ON BAR ADMISSIONS CFN-1791

BAR ADMISSIONS PROCEEDING

**KNOLL**, Justice Pro Tempore dissents and assigns reasons.

I respectfully dissent from the majority's decision to admit petitioner to the bar. Based on my review of the record, I find petitioner's prior conduct raises significant questions as to whether she has sufficient competency for admission to the bar in Louisiana. The record further establishes she has demonstrated a significant pattern of dishonesty and lack of candor. In my opinion, petitioner clearly lacks the requisite character and fitness for admission to the practice of law.